NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3039

FRANCES A. RALEIGH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Frances A. Raleigh, of LaMarque, Texas, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC,  for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3039

FRANCES A. RALEIGH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA-0752-08-0108-I-1.

_____

DECIDED: March 31, 2009

_____

Before MAYER, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Frances A. Raleigh seeks review of the final decision of the Merit Systems Protection Board, which (1) denied Raleigh's motion to waive the time limit for her petition for review and/or accept her filing as timely, and (2) dismissed her petition for review as untimely filed with no showing of good cause for the delay. Raleigh v. Dep't of Veterans Affairs, No. DA-0752-08-0108-I-1 (M.S.P.B. Sept. 9, 2008). We affirm.

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c). Raleigh's appeal stems from her removal by the Department of

Veterans Affairs from a position as a GS-303-4 Clerk in a Clinical Practice Office. In its initial decision, the board held that Raleigh's appeal of the agency's removal action was untimely by more than 7 months, and she failed to show good cause for the delay. The board also provided Raleigh with written instructions for filing a petition for review of this initial decision, and notification that the deadline for filing the petition would be due by March 26, 2008. Raleigh was again untimely, filing her petition for review on May 12, 2008.

A petition for review must be filed within 35 days after the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(d). If a party does not submit an appeal within this time period, it will be dismissed as untimely filed unless good cause for the delay is shown. Id. § 1201.114(f). To establish good cause for a filing delay a petitioner must show that the delay was excusable under the circumstances and that he exercised due diligence in attempting to meet the filing deadline. Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003).

Raleigh claimed that she delayed filing her petition for review because she was undergoing treatment for depression and awaiting proper medical documentation of her depressive disorder, and she did not request a filing extension due to her mental instability and medication. In reaching its decision, the board properly considered the length of the delay, the reasonableness of her excuse, her pro se status, and whether the evidence presented revealed uncontrollable circumstances affecting her ability to comply with the time limits. The board found that Raleigh failed to establish a justifiable

excuse for her untimely filing, because (1) she did not explain her delay in obtaining medical documentation of her depression, (2) the letter she submitted from her psychiatrist failed to adequately explain how her illness prevented her from timely filing the petition for review or requesting an extension, (3) she failed to identify the duration of her illness, and (4) she submitted no documentation to support her claim that she was impaired by medication during the time period between the issuance of the initial decision and the filing of her petition for review. Substantial evidence supports the board's determination that Raleigh failed to show that under the circumstances she exercised due diligence or ordinary prudence sufficient to establish good cause for her untimely filing.