## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHEAL A. NELSON,

      Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
SF-315H-18-0476-I-1

DATE: August 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Travis Nelson, Portland, Oregon, for the appellant.

Chelsea Miller, Portland, Oregon, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his termination during his trial period for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The agency appointed the appellant, a preference-eligible veteran, to a WG-2 Housekeeping Aide position, subject to a trial period, beginning December 11, 2016. Initial Appeal File (IAF), Tab 1 at 1, Tab 9 at 8. It terminated the appellant effective December 8, 2017, during this period. IAF, Tab 9 at 5-7, 9. The appellant filed an April, 17, 2018 appeal of his termination. IAF, Tab 1. Because he had filed his appeal 100 days late, the administrative judge ordered him to file evidence and argument concerning the timeliness of his appeal. IAF, Tab 3. The appellant did not respond.

The administrative judge did not address the timeliness of the appellant's appeal in his initial decision. IAF, Tab 10, Initial Decision (ID). He instead dismissed the appeal for lack of jurisdiction, finding that the agency terminated the appellant during his trial period for post-appointment reasons, and that he had not alleged that the agency did so based on partisan political reasons or marital status. ID at 3. The administrative judge also found that the appellant, who was a preference-eligible employee in the excepted service, was not an "employee" with the right to appeal an adverse action to the Board because he did not allege his appointment was pending conversion to the competitive service, and he had less than 2 years of current continuous service in the same or similar positions. *Id.*; 5 U.S.C. § 7511(a)(1)(C).

The appellant filed a petition for review on June 30, 2018. Petition for Review (PFR) File, Tab 1. The Clerk of the Board issued an acknowledgment letter informing the appellant that his petition appeared to be untimely and giving him notice of the Board's requirements for him to demonstrate that his petition was either timely filed or that good cause exists to waive the time limit. PFR File, Tab 2 at 1-3. The Clerk provided the appellant with a form for the

required motion. *Id.* at 7. The appellant filed a Motion to Accept Filing as Timely and/or Ask the Board to Waive or Set Aside the Time Limit, using the form provided, on which he repeated the arguments set forth in his petition for review. PFR File, Tab 1 at 2, Tab 3 at 2, 4. The agency did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proof with regard to timeliness, which he must prove by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows that he received the initial decision more than 5 days after it was issued, within 30 days of his receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). The Board will waive the filing time limit for a petition for review only upon a showing of good cause for the delay. *Williams*, 109 M.S.P.R. 237, ¶ 7; *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (discussing the good cause standard in the context of an untimely filed initial appeal).

The record shows that the administrative judge issued his initial decision on May 22, 2018. ID at 1. The decision became final 35 days later, on June 26, 2018, when neither party filed a petition for review. ID at 5; 5 C.F.R. § 1201.113. The appellant filed his petition for review on June 30, 2018, making it 4 days late. PFR File, Tab 1.

To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the circumstances. *Williams*, 109 M.S.P.R. 237, ¶ 7. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the limits or of unavoidable

casualty or misfortune which similarly shows a causal relationship to his ability to timely file his petition. *Id.*

As noted above, in the affidavit that the appellant submitted in response to the Clerk's letter, he simply repeats the information in his petition for review. PFR File, Tab 1 at 2, Tab 3 at 2, 4. He alleges that he was unable to gain access to his online account due to login issues. PFR File, Tab 1 at 2, Tab 3 at 2, 4. He states that his representative "ha[d] the wrong address listed." PFR File, Tab 1 at 2, Tab 3 at 2, 4. He claims financial hardship and discrimination, and asserts that his suffering is increasing his post-traumatic stress disorder (PTSD). PFR File, Tab 1 at 2, Tab 3 at 2, 4.

Both the appellant and his representative registered as e-filers during the adjudication of the initial appeal. IAF, Tab 1 at 2-3. E-filers consent to accept electronic service of Board documents. 5 C.F.R. § 1201.14(e)(1) (2018). As e-filers, the appellant and his representative are deemed to have received the initial decision on the date of electronic submission, May 22, 2018. *Id.*; *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). The certificate of service for the initial decision reflects that the appellant and his representative were both electronically served with the initial decision. IAF, Tab 11. Thus, the new postal address that the appellant provided for his representative is not relevant to the timeliness of his petition for review. PFR File, Tab 3 at 5. While the appellant claims that he could not access e-Appeal to file his petition, he has not explained why he could not have timely filed his petition by alternate means. *See* 5 C.F.R. § 1201.14(f) (2018) ("A party or representative who has registered as an e-filer may file any pleading by non-electronic means, i.e., via postal mail, fax, or personal or commercial delivery."). Although, as noted above, he cited his financial hardship, alleged discrimination, and PTSD in his timeliness motion, he did not assert that these factors interfered with his ability to file his petition for review, despite the instructions on how to establish such a claim included on the form provided to him by the Clerk of the Board. PFR File, Tab 2 at 7, Tab 3

at 2; *see Raleigh v. Department of Veterans Affairs*, 110 M.S.P.R. 7, ¶ 9 (2008), *aff'd per curiam*, 328 F. App'x 639 (Fed. Cir. 2009).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding its dismissal for lack of jurisdiction of the appellant's appeal of his December 8, 2017 termination during his trial period.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.